UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELVIN D. BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-0273 (RC) |
| | ) |
| ISAAC FULWOOD, JR. *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Melvin D. Brooks is detained at the District of Columbia's Central Detention Facility as a result of his arrest on December 14, 2012, pursuant to a parole violator warrant. Complaint [Dkt. # 1] at 2. He claims that he has yet to receive a probable cause hearing in accordance with parole regulations and the Fifth Amendment's due process clause. *See id*. at 3-10. Plaintiff sues United States Parole Commission Chairman Isaac Fulwood, Jr., Department of Corrections Director Thomas N. Faust, and Warden G. Futch. Plaintiff also sues the *Washington Examiner* newspaper for defamation. For the following reasons, the Court will dismiss this action without prejudice.

The claim against the three named defendants responsible for plaintiff's custody is based on the same facts underlying plaintiff's action for a writ of habeas corpus pending before the undersigned judge. *See Brooks v. Fulwood*, Civ. Action No. 13-135, Emergency Petition for Writ of Habeas Corpus and for an Expedited Hearing [Dkt. # 1]. Furthermore, in this action, as in the earlier case, plaintiff "requests that this court . . . issue a writ of habeas corpus directing that he be brought before this court for a hearing . . . ." Compl. at 11. In the habeas action, the

Court has ordered the government to show cause why the writ should not issue. *See* Civ. Action No. 13-135, Order (Feb. 20, 2013). Hence, the instant complaint against Chairman Fulwood, Director Faust, and Warden Futch will be dismissed as duplicative of the pending habeas action. *See MBI Group, Inc. v. Credit Foncier du Cameroun*, Civ. Action No. 07-0637, 2009 WL 8731182, at *1 (D.D.C. March 23, 2009) ("Courts have inherent power to manage their dockets efficiently . . . .") (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)).

With regard to plaintiff's unrelated defamation claim against the *Washington Examiner*, the Court finds that it lacks subject matter jurisdiction. The federal district courts have limited jurisdiction conferred generally by 28 U.S.C. § 1331 and § 1332. As applicable to plaintiff's defamation claim, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The complaint's caption lists all of the parties as residing or working in the District of Columbia, thereby defeating the requirement that the parties be of diverse citizenship. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Hence, the defamation claim will be dismissed without prejudice to plaintiff's seeking redress in the Superior Court of the District of Columbia. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of a case "at any time" subject matter jurisdiction is found wanting). A separate Order accompanies this Memorandum Opinion

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: March 12, 2013